[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14842
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A98-702-129, A98-702-130

HECTOR RAMON RIQUEL,
MERCEDES BEATRIZ BODU-LEPAGE,
JAVIER ALFONSO RIQUEL-BODU,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 13, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Hector Riquel and his family, natives and citizens of Venezuela, petition this

Court for review of the decision of the Board of Immigration Appeals to deny their application for withholding of removal under the Immigration and Nationality Act. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The Board ruled that Riquel's petition was untimely and that his allegations of persecution were not sufficiently detailed or corroborated to warrant relief. We deny the petition.

## I. BACKGROUND

Riquel, his wife, Mercedes Bodu-Lepage, and their two sons, Javier Alfonso Riquel-Bodu and Hector Andres Riquel-Bodu, were admitted to the United States in 2000 as nonimmigrant visitors. In December 2004, Riquel, on behalf of himself, his wife, and their sons, filed an application for asylum, withholding of removal, and relief under the Convention Against Torture and sought relief based on his political opinion. Riquel alleged that he had been threatened and imprisoned based on his opposition to President Hugo Chavez and he was known in Venezuela because he wrote a letter to Chavez and asked him to resign. Riquel asserted that he would be persecuted or assassinated if he returned to Venezuela.

Riquel testified that he participated in an organization called Democratic Action that opposed the Chavez regime. In 1998, uniformed commanders of the Bolivarian Circles, a pro-Chavez organization, approached Riquel and questioned his political activities. The officers told Riquel that they would follow him if he continued to oppose Chavez. Later, individuals whom Riquel was unable to

2

identify threw rocks at his house. Riquel's relatives and friends received telephone calls from anonymous individuals who stated that they would follow Riquel so long as he worked for Democratic Action.

In 1999, as Riquel drove away from a clandestine meeting of Democratic Action, he was followed by another car. An occupant of the other vehicle told Riquel to stop; Riquel instead accelerated and shots were fired at his car. Riquel could not identify the occupants of the vehicle, but he "suppose[d] they might be from the commanders of Chavez."

Riquel testified on cross-examination that his mother and mother-in-law still lived in Venezuela. He asserted that Chavez received the letter requesting his resignation because a friend delivered it to Chavez's secretary. Riquel testified that he had continued to oppose the Chavez regime while in the United States by collecting signatures for the Venezuelan Society of Orlando.

The immigration judge denied Riquel's application. The immigration judge found that Riquel had waived his request for asylum. The judge ruled that Riquel failed to provide detailed information to establish that he would be persecuted if he returned to Venezuela and he failed to corroborate his allegations of past persecution.

The Board dismissed Riquel's appeal. The Board ruled that Riquel's application for asylum was untimely. The Board "adopt[ed] and affirm[ed]" the

conclusions of the immigration judge that Riquel's allegations of persecution were not sufficiently detailed or corroborated to find that Riquel was entitled to withholding of removal or relief under the Convention.

## III. STANDARDS OF REVIEW

We review the decision of the Board to determine whether it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "To reverse [those] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). We review the legal conclusions of the Board de novo. Id. at 1287 n.6. When the Board adopts the findings of the immigration judge, we review the decision of the immigration judge. Al Najjar, 257 F.3d at 1284.

## III. DISCUSSION

Riquel and his family challenge the denial of their petition for withholding of removal. The family does not challenge the finding that their application for asylum was untimely, which we lack jurisdiction to review. Mendoza, 327 F.3d at 1287. Because only a petition for review of the denial of withholding of removal remains and the governing regulation does not provide for derivative benefits, we deny the petition for Riquel's wife and son. See 8 C.F.R. § 208.16(c); Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007) (per curiam).

4

Substantial evidence supports the finding that Riquel did not have a well-founded fear of future prosecution because he failed to establish that he suffered past persecution and he offered no proof that he would be singled out due to his political beliefs if he returned to Venezuela. See 8 C.F.R. § 208.16(b)(1); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam). The statements by the Bolivarian Circles and the anonymous telephone calls threatening to follow Riquel do not rise to the level of persecution. See Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1238 (11th Cir. 2006). Riquel did not see the gunman or the individuals who pelted his home with rocks or present evidence that their attacks were politically motivated, and no harm resulted from either incident. See id. at 1234, 1238; Sepulveda, 401 F.3d at 1231. The record also does not compel a finding that Riquel will be targeted for the letter that he wrote to President Chavez because he left family members in Venezuela who have not been threatened or harmed. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006).

## IV. CONCLUSION

We **DENY** Riquel's petition for review.

5